Anne **ARTERBURN**, Appellant,

v.

Esther **MEADOWS** et al., Respondents.

No. 54774.

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

Richard E. Martin, Miner, Martin & Speiser, St. Joseph, for appellant-plaintiff.

Pickett, Andereck & Hauck, Eugene E. Andereck, Trenton, for respondent, Milton H. Wall.

HERBERT LASKY, Special Judge.

This is a will contest case. The amount in dispute exceeds $15,000, so we have jurisdiction.

Vera V. Bland, a resident of Sullivan County, Missouri, died in a hospital there January 10, 1967, at the age of 81. On January 17, 1967, there was admitted to probate in Sullivan County a document dated January 4, 1967, purporting to be the will of Vera V. Bland. By its provisions her brother, Milton H. Wall, would receive approximately $53,000, being all of her property except for a bequest to another brother, Harry Wall, and $1,000 to each of two sisters.

The plaintiff, Anne Arterburn, the only other living brother or sister, was not mentioned in the will. She has brought this action alleging that the main beneficiary, Milton H. Wall, had procured the execution of the will, had exercised undue influence upon the mind of the testatrix, and that the deceased lacked the mental capacity on January 4, 1967, to make a will. The jury found for the defendant, upholding the will. A motion for new trial was overruled and the plaintiff appealed.

The respondent accepts the appellant's statement of facts as being sufficient for review of the single point of error contended by appellant.

On January 3, 1967, one day before the will in question was executed, Vera V. Bland had been a bedridden patient for over eight years. On that date her doctor certified to the United States Government that she had "arteriolsclerosis" [sic] and "mental disturbances". On the same date Milton H. Wall requested Leman Atherton, a Milan attorney, to prepare a power of attorney from Vera V. Bland to Milton H. Wall, giving him complete control of her property. Mr. Atherton did so and was taken to the hospital room occupied by Vera V. Bland by Milton H. Wall, where the power of attorney was executed.

At that time Mrs. Bland told Atherton she wanted her will prepared. She had discussed her will with him several months before, but had not executed one at the earlier time. On January 4, 1967, Mr. Atherton went to Mrs. Bland's hospital room with the will in question, at which time Milton H. Wall and his wife were present. The will was read to Mrs. Bland by Atherton in the presence of two other persons, who signed the will as witnesses.

Mrs. Bland was too weak to sign her name or speak, but nodded her head when asked by the attorney after each paragraph of the will if that was what she wanted. Atherton signed the will for Mrs. Bland at her request. Mrs. Bland did not look at the will and was "too far gone" at that time to be able to pay the attorney for preparing the will.

Mrs. Bland died six days later. Her physician, Dr. Simpson, gave as the final diagnosis "senile dementia". At the trial he expressed the opinion that Mrs. Bland was capable of making a will on January 4, 1967. Another doctor, who had not seen the patient but had examined the hospital, death, and other records, expressed the opinion that she was incapable of making a will on that date. Various other persons gave testimony that Mrs. Bland was and was not capable of handling her own affairs.

The appellant's appeal is based on the single point: The trial court erred in giving Instruction No. 7:

#### "INSTRUCTION NO. 7

The phrase 'sound and disposing mind and memory' as used in these instructions means that when the will was signed, Vera V. Bland:

First, was able to understand the ordinary affairs of life; and

Second, understood the nature and extent of her property; and

Third, knew the persons who were the natural objects of her bounty; and

Fourth, could intelligently weigh and appreciate her natural obligations to those persons."

The appellant admits and confesses that the error relied upon in her appeal is not in the substantive law recited in Instruction No. 7, but in the claimed unnecessary insertion of the name "Vera V. Bland", instead of "a person" or other impartial word or phrase.

Specifically, appellant contends that Instruction No. 7 is erroneous because:

"(1) It is not in MAI language and not within the spirit or form of the philosophy of MAI; and

(2) It is so worded that the definition could be easily misconstrued as a declaration by the Court that Vera V. Bland actually had the attributes listed in the instruction."

However, no M.A.I. instruction defining "sound and disposing mind was available when the instant case was tried. If the use of the name of the testatrix in the instruction is equivalent to using the words "a person" there would not be prejudicial error, Jackson v. City of St. Louis (Mo.Sup.) 422 S.W.2d 45. Supreme Court Rule 83.13 V.A.M.R. provides that the appellate court cannot reverse a judgment unless the error complained of materially affects the merits of the case.

We conclude, therefore, that using "Vera V. Bland" rather than "person" is not prejudicial error. The instruction was in fact simple, brief, impartial, free from argument, and did not submit to the jury nor require findings of detailed evidentiary facts.

Judgment affirmed.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., not sitting.