Lisa Marie PRICE, an Infant, by Daniel J. Price, Next Friend, and Daniel J. Price, Respondents,

v.

BANGERT BROTHERS ROAD BUILDERS, INC., and Margie E. Rautert, Appellants.

No. 55853.

Supreme Court of Missouri, Division No. 2.

Jan. 8, 1973.

Motion for Rehearing or to Transfer to Court En Banc Denied Feb. 12, 1973.

Gerritzen & Gerritzen by Ray A. Gerritzen, St. Louis, for respondents.

Louis W. Riethmann, Ralph K. Soebbing, St. Louis, for appellant Bangert Brothers Road Builders, Inc.

Evans & Dixon, Eugene K. Buckley, St. Louis, for appellant Margie E. Rautert.

STOCKARD, Commissioner.

Defendants have appealed from the order of the trial court granting plaintiffs a new trial after a directed verdict in favor of defendant Bangert Brothers Road Builders, Inc. (hereafter referred to as "Bangert Brothers"), and after a jury verdict in favor of defendant Mrs. Margie E. Rautert. At the time the notices of appeal were filed, this court had appellate jurisdiction by reason of the amount in dispute, and it retains jurisdiction until final disposition of this appeal. Art. V, § 31(4), Constitution of Missouri, V.A.M.S.

Lisa Marie Price, age 4, was injured when the automobile, in which she was a passenger and which was being operated westerly on Harrison Street by Mrs. Jacqualine Price, her mother, collided with an automobile being operated northerly on St. Ferdinand Avenue by Mrs. Rautert. A stop sign for westbound traffic had been located on Harrison Street on a seven foot pole, but Bangert Brothers were engaged in widening St. Ferdinand Avenue, and the stop sign had been removed by them and placed on a portable barricade which was much lower than previously located. There was no stop sign at the intersection for northbound traffic on St. Ferdinand Avenue.

Mrs. Price testified that she had previously ridden over Harrison Street as a passenger in an automobile, but that she had not previously driven over it. She knew that St. Ferdinand was a through street, but she did not know that the intersection she was approaching was with St. Ferdinand. She also stated that on the north side of Harrison Street and near the

intersection there were parked at least four automobiles, and that she did not see a stop sign until she passed the last automobile. She then saw a yellow sign lying on a hill or mound of dirt and immediately applied her brakes but the collision occurred. Other testimony was to the effect that the replaced stop sign was in an upright position, but that the bottom of the sign was about one or two feet above the ground. Mrs. Price did not see the northbound automobile of Mrs. Rautert prior to the collision because her view to her left was obstructed by a large van or vehicle on Harrison Street.

Plaintiffs sought damages from both defendants; Lisa Marie for personal injuries, and Daniel J. Price, her father, for medical expenses. We shall first consider whether the trial court erred in granting a new trial against Mrs. Rautert.

Plaintiffs' submission as to Mrs. Rautert was that she negligently failed "to keep a careful lookout," or she "knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in the time thereafter to have stopped or sounded a warning," and failed to do so. As previously noted the jury verdict was in favor of Mrs. Rautert.

The first two assignments of error in the motion for new trial which were sustained by the trial court pertain to testimony concerning the use of seat belts, and we shall consider them together.

During the cross-examination of Mrs. Price, *counsel for Bangert Brothers* asked whether her automobile was equipped with seat belts, and she replied without objection that it was. She was then asked if she was using her seat belts, and she answered, "No, sir." An objection was then made and sustained, and upon the request of plaintiffs the jury was instructed to "disregard it." No other relief was requested. *Counsel for Bangert Brothers* then asked, "Were the children using their seat belts?" There then was some confu-

sion whether an objection to this question was overruled or sustained, but the trial court later announced that it had intended to sustain the objection, and had done so because the question as asked included a second child in the automobile who was not injured and was not a party to the suit. Counsel for Bangert Brothers then stated that the theory of offering to show that Lisa Marie was not using a seat belt was that it pertained to the issue of the force of impact. The court ruled: "And I am cautioning counsel for the defendant, at this time, that I am going to overrule [Plaintiffs'] objection and admit it only for the purpose of force of impact or lack of force of impact; and assure counsel for the defendants that if the[y] attempt to argue * * * any issue of contributory negligence on this four-year-old minor, it will result in a mistrial. And if there is any attempt to infer contributory negligence on either the part of the mother or the minor children for not having the children in seat belts, it will also result in a mistrial if requested." Mrs. Price was then asked if Lisa Marie was wearing a seat belt, and she replied that she was not. There was no request that the jury be instructed that the evidence was admitted only for the limited purposes stated by the trial court.

■ The trial court was not justified in granting a new trial by reason of the first assignment of error; that is, that the trial court permitted cross-examination of Mrs. Price as to whether her seat belt was fastened. Assuming it was error to inquire into the subject, the trial court sustained the only objection made, and granted all the relief requested. See Shepard v. Harris, Mo., 329 S.W.2d 1, 13; State ex rel. Highway Commission v. Kimmel, Mo., 412 S.W.2d 506, 508.

■ The second assignment of error pertains to the questions of *counsel for Bangert Brothers* as to whether the seat belt of Lisa Marie was fastened. Assuming this was error, Mrs. Rautert had no part in it, and plaintiffs should not be entitled to a new trial against her because of error injected by Bangert Brothers unless it was such as to prejudicially affect plaintiffs' case against Mrs. Rautert before the jury. There is no contention that there was any violation during oral argument of the ruling of the court concerning contributory negligence.

■ It was admitted by plaintiffs that Mrs. Price was negligent. Therefore, if it could be said that testimony of her failure to have Lisa Marie in a seat belt injected the issue of contributory negligence on her part, it was not prejudicial. Waymire v. Carter, Mo.App., 366 S.W.2d 74, 78–79. Also, a four-year-old child cannot, in the circumstances here, be contributorily negligent, Schmidt v. Allen, Mo., 303 S.W.2d 652 (1957), and the negligence of its mother may not be imputed to it. Will v. Gilliam, Mo., 439 S.W.2d 498. There was no issue of contributory negligence submitted by the instructions.

Injuries to Lisa Marie were admitted, and the jury verdict was for Mrs. Rautert. Therefore, that verdict had to be on the basis that the jury found Mrs. Rautert not negligent, and the failure of Lisa Marie to use a seat belt could have had no bearing on the issue of negligence of Mrs. Rautert. We do not see how the failure of Lisa Marie to wear a seat belt could have been relevant to the issue of force of impact, except as that fact may have related to the issue of damages. But, by reason of the jury verdict on the issue of liability, the jury never reached the issue of damages. Assuming, therefore, that the testimony concerning seat belts presented by counsel for Bangert Brothers was erroneous, it did not prejudicially affect plaintiffs' case against Mrs. Rautert, and for that reason a new trial against Mrs. Rautert was not authorized.

The remaining assignments of error in the motion for new trial, which were sustained, pertain solely to Bangert Brothers. However, in their brief plaintiffs assert

that the trial court erred in failing to grant a new trial based on other assignments of error which were not sustained by the trial court.

■ The first contention is that the court erred in refusing to direct a verdict against Mrs. Rautert on the issue of liability because, according to plaintiffs, her testimony demonstrated negligence as a matter of law. Plaintiffs first attempt to demonstrate that some of the testimony of Mrs. Rautert was not believable or was contrary to the physical facts. They then point out that she admitted she saw the automobile of Mrs. Price approaching the intersection but did not slow, stop or sound a warning. She further testified that she knew Mrs. Price was supposed to stop before entering the intersection, and that she assumed she would do so. Under these circumstances, the negligence of Mrs. Rautert was for the jury. However, in any event, a court is ordinarily not justified in directing a verdict in favor of the party having the burden of proof, when the evidence relied on consists of oral testimony. Schaefer v. Accardi, Mo., 315 S.W.2d 230; Beezley v. Spiva, Mo., 313 S.W.2d 691. Plaintiffs were not entitled to a directed verdict against Mrs. Rautert on the issue of liability.

■ Plaintiffs next assert that a new trial should have been granted because the court refused to permit "plaintiffs to explain to the jury that any award over $1,-500 for the four-year-old infant, Lisa Marie Price, would be held under the jurisdiction of the probate court until she reached her majority * * *."

Plaintiffs cite no case supporting their contention that the jury should be so advised, and we have found none. Also, as to Mrs. Rautert, this issue would affect only the amount of the award in the event the jury found Mrs. Rautert negligent, but the verdict on the issue of liability was in her favor. The trial court properly overruled this assignment of error.

■

Plaintiffs also contend the trial court erred in giving Instruction No. 8 because it failed to follow MAI; it twice used the name Margie E. Rautert and "over emphasized her position in the trial;" and there was no evidence upon which the jury could find Mrs. Rautert not negligent.

Instruction No. 8 was a converse instruction and read as follows: "Your verdict must be for defendant Margie E. Rautert and against both Lisa Marie Price and David J. Price unless you believe that Margie E. Rautert was negligent as submitted in Instruction No. 4."

■ Instruction No. 8 was identified as being taken from MAI 33.04(1), which is the form conversing MAI 17.02, a multiple negligent act submission, and plaintiffs' submissions were on the basis of multiple acts of negligence. However, plaintiffs point out that Instruction No. 8 does not precisely follow MAI 33.04(1). Instead, the words used in MAI 33.04(1) are: "unless you believe that defendant's conduct was negligent." The language used in Instruction No. 8 is that used in MAI 33.-03(2) which is the form for conversing MAI 17.01, a single negligent act submission. We find no practical difference between a finding that "defendant's conduct was negligent" as set forth in MAI 33.-04(1), and a finding that "defendant was negligent" as set forth in MAI 33.03(2), and submitted in Instruction No. 8. Either instruction could use the language of the other and be correct.

■ The use in an instruction of the name of the party instead of the term "plaintiff" or "defendant" is expressly authorized. See Comments, p. LII, 1969 ed. MAI, and State ex rel. Kansas City Power and Light Company v. Campbell, Mo.App., 433 S.W.2d 606, 611; Arterburn v. Meadows, Mo., 451 S.W.2d 85. When the use of the party's name is authorized, that use cannot prejudicially "over emphasize" the party's position in the trial.

■ Finally, as to Instruction No. 8, "this form requires no independent evidence to support it. MAI 33.01; Young v. Grotsky, Mo., 459 S.W.2d 306.

We conclude that the trial court was not justified in granting a new trial against Mrs. Rautert.

At the time the trial court sustained the motion for a directed verdict filed by Bangert Brothers, it commented, "I think the problem is one of proximate cause." In their brief to this court in which they challenge the granting of a new trial to plaintiffs against them, Bangert Brothers apparently rely primarily on the testimony of Mrs. Price which indicates negligence on her part. They refer specifically to testimony that she knew St. Ferdinand Avenue was a through street, and that she intended to stop before entering the intersection with St. Ferdinand. They then argue that failure to place a warning could not have been the proximate cause of the injuries to Lisa Marie because Mrs. Price already knew everything a warning would have told her. This argument is to the effect that the negligence of Mrs. Price was the sole proximate cause of Lisa Marie's injuries.

■ Bangert Brothers' contract for the widening of the street was with St. Louis County, and it may be assumed that the removal of the existing stop sign was necessary in the performance of the work. However, a contractor may be liable to persons traveling on the street if its negligence causes a street to become dangerous. Frogge v. Nyquist Plumbing and Ditching Company, Mo., 453 S.W.2d 913, 916; Lowery v. Kansas City, 337 Mo. 47, 85 S.W.2d 104.

■ In this case, a jury reasonably could find that in the process of widening St. Ferdinand Avenue, Bangert Brothers removed the stop sign facing westbound traffic on Harrison Street, and did not re-place it so that it could have been seen by motorists traveling on that street. In our opinion, a jury also could reasonably find that this created an unsafe condition at the intersection. We agree with the statement in Wagshal v. District of Columbia, D. C., 216 A.2d 172, that "The absence of the [stop] sign in the place where it had stood for a considerable time created an unsafe condition every bit as dangerous as a hole in the roadway or an obstruction."

■ The argument of Bangert Brothers based on what they contend to have been the sole negligence of Mrs. Price is without merit. Plaintiffs admit she was negligent, but her negligence cannot be imputed to Lisa Marie. The issue is whether a jury reasonably could find that the negligence of Bangert Brothers in creating a dangerous condition contributed in part to cause the injuries to Lisa Marie.

Bangert Brothers rely on the testimony of Mrs. Price, previously mentioned that she knew St. Ferdinand was a through street and that she intended to stop there. However, this must be considered with her other testimony that she did not know that the intersection which she was approaching was with St. Ferdinand. Therefore, the warning conveyed by the stop sign, if it had not been removed, would have told her more than she already knew, and we consider it a jury question whether under all the facts and circumstances of this case the negligence of Bangert Brothers, if the jury should find the facts as we have determined it could so find them, directly contributed in part to cause the injuries to Lisa Marie.

The order granting a new trial against Bangert Brothers is affirmed, and the order granting a new trial against Mrs. Rautert is reversed. The cause is remanded for further proceedings as to Bangert Brothers, and with directions to enter judgment in favor of Mrs. Rautert in accord with the jury verdict.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.