Neza ERNST, Respondent,

v.

Earl A. EMERICK, Appellant.

No. 26856.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Thomas J. Conway, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for appellant.

Warren D. Welliver, William A. Atkinson, Welliver & Simon, Columbia, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Plaintiff brought this suit for wrongful death of her 14 year old son, Philip. The jury found for the defendant, but the trial court granted a new trial. Defendant appeals.

The fatal accident occurred in Sedalia, Missouri, about 8:00 p. m. on January 21, 1972. The weather was cold and drizzling. Defendant was driving south on Thompson Street, approaching 11th Street, and was following about two car lengths behind an automobile driven by Mrs. Charles. Mrs. Charles made a right turn into a shopping center parking lot, at which time defendant slowed down to approximately 10 to 15 miles per hour. After Mrs. Charles had completed her turn, defendant began accelerating and got his speed up to about 18 to 20 miles per hour. At this same time Philip was running or trotting west across 11th Street and when he reached about or just past the center of Thompson Street, he and defendant's car came into collision. Defendant testified that he noticed someone on the east side of Thompson Street when defendant was about one-half to a block away from 11th Street and that he did not see the boy again until he was within only a very few feet of defendant's automobile. Philip was rendered unconscious by the accident and died without making any statement.

The plaintiff submitted her case under Instruction No. 2, which was based upon failure of defendant to keep a careful lookout and failure to swerve after he knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision. Defendant submitted a converse, Instruction No. 3, and the issue of Philip's contributory negligence under Instruction No. 4.

The ground sustained by the trial court for granting a new trial was that defendant's converse Instruction No. 3 should have been modeled upon MAI 33.04(1), which applies where plaintiff has submitted multiple grounds of negligence, whereas the instruction instead followed MAI 33.03(2) which is intended for use where the plaintiff has submitted only a single ground of negligence. Defendant argues on appeal that this variation does not constitute prejudicial error; and he further argues that in any event the case should not have been submitted to the jury because Philip was guilty of contributory negligence as a matter of law. Plaintiff rejoins that contributory negligence was a jury issue under all of the evidence. She further contends that Instruction No. 3 was erroneous both for the reason given by the trial court and also because it failed to define the term "negligence." Since we conclude that Instruction No. 3 is not properly subject to either of the objections leveled against it, there was no error in the jury submission, and it becomes immaterial whether a verdict should have been directed for the defendant on the ground that contributory negligence appeared as a matter of law.

With respect to Instruction No. 3, the first question for determination is whether the use of MAI 33.03(2) instead of 33.04(1) constituted error sufficient to justify the granting of a new trial. The difference between these two approved instructions consists simply of the first framing the issue in terms of whether "defendant was negligent," whereas the second of the two approved instructions states the question to be whether "defendant's conduct was negligent." It is readily apparent that any distinction between these two virtually identical phrases would require a flight into fanciful metaphysics. Our Supreme Court has already held directly in *Price v. Bangert Brothers Road Builders, Inc.*, 490 S.W.2d 53, l. c. 57 (Mo.1973), that there is no significant difference in these two phraseologies. The *Price* opinion holds:

"We find no practical difference between a finding that 'defendant's conduct was

negligent' as set forth in MAI 33.04(1), and a finding that 'defendant was negligent' as set forth in MAI 33.03(2), and submitted in Instruction No. 8. Either instruction could use the language of the other and be correct."

Plaintiff attempts to distinguish *Price* on the ground that the instruction there included a tail which referred to the alleged negligence of defendant "as submitted in Instruction No. 4." However, the presence or absence of this tail cannot be of any decisive importance since the Notes on Use to both MAI 33.03(2) and 33.04(1) specifically state that this additional phraseology "shall be included or omitted at defendant's option." Moreover, the reasoning of the Supreme Court in the *Price* opinion attributes no significance whatsoever to the presence of the additional phraseology in question.

Trying to find support for the trial court's ruling, plaintiff cites *Davis v. St. Louis Southwestern Railroad Co.*, 444 S.W.2d 485 (Mo.1969), where the granting of a new trial was affirmed because of error in giving an MAI converse instruction which controverted only one out of multiple submissions of negligence. That was a case under the Federal Employer Liability Act which presented a situation and instructions entirely different from what is involved here. In *Davis*, the plaintiff submitted disjunctively that the defendant failed to provide safe methods of work and that a fellow servant had dropped a brake beam on a hammer handle causing the hammer to hit plaintiff. The defendant's converse instruction directed a verdict for the defendant "if you do not believe that defendant was negligent." Obviously that instruction could have misled the jury into finding for the defendant even though it might have believed that the fellow servant did, in fact, drop the brake beam as charged. Furthermore, the *Davis* opinion calls attention to the fact that the converse instruction there improperly contained the phrase "if you do not believe," contrary to the MAI Notes on Use. *Davis* is clearly distinguishable from the present case.

■ Next for consideration is plaintiff's contention that Instruction No. 3 failed to define or otherwise indicate the meaning of the term "negligence." While this was one of the points set forth in plaintiff's motion for new trial, the trial court made no reliance thereon in granting the new trial. When the trial court granted a new trial on a specified basis, that ruling is deemed to constitute an overruling of the motion for new trial on all other grounds. *Burnett v. Johnson*, 349 S.W.2d 19, 24 (Mo.1961); *Hoehn v. Hampton*, 483 S.W.2d 403, 407 (Mo.App.1972). Of course it is permissible for plaintiff as respondent here to urge that the trial court should also have found Instruction No. 3 to have been defective because of failure to define negligence. However, in order to be successful on this argument, it is incumbent upon plaintiff to assume the burden of demonstrating error on the part of the trial court in failing to so hold. *State ex rel. Sturm v. Allison*, 384 S.W.2d 544, 547 (Mo. banc 1964).

■ Plaintiff here has wholly failed to demonstrate, as required by this rule, that the absence of a definition of negligence in Instruction No. 3 constituted error. The narrow and sole subject of Instruction No. 3 is whether defendant was negligent. Negligence as it related to anything which defendant did or failed to do had just been properly defined in Instruction No. 2, the plaintiff's verdict director. These two instructions, one immediately following the other, must be read together. *Kelso v. C.B.K. Agronomics, Inc.*, 510 S.W.2d 709, 726 (Mo.App.1974). So read, the jury must have understood that negligence on the part of the defendant meant "that degree of care that a very careful and prudent person would use under the same or similar circumstances" as set forth in Instruction No. 2.

It is wholly unreasonable to believe, as conjectured by plaintiff, that the jury could have been misled into thinking that Instruction No. 3 imported the definition of negligence contained in Instruction No. 4. The latter instruction covered the issue of contributory negligence by Philip and referred to the "degree of care which an ordinary *boy* of the same age, capacity and experience would use under the same or similar circumstances." (Emphasis added). To assume that the jury would understand Instruction No. 3 as incorporating the definition in Instruction No. 4 would require the conclusion that they lacked the intelligence of reasonable men; and that we cannot do. *Gathright v. Pendegraft,* 433 S.W.2d 299, 311 (Mo.1968).

The issues in this case were shaply tried and were submitted to the jury upon accurate, readily understood instructions. The verdict reached by the jury should not have been disturbed. The case is reversed with directions to reinstate the jury verdict.

All concur.