**Gus A. PEPPES, Plaintiff-Appellant,**

v.

**Robert E. HUDDLESTON, Defendant-Respondent.**

No. 36800.

Missouri Court of Appeals, St. Louis District, Division Three.

Feb. 10, 1976.

James S. Collins, II, Manchester, for plaintiff-appellant.

Peter Ferrara and Wilburn A. Duncan, Martin Schiff, Jr., Clayton, for defendant-respondent.

SIMEONE, Presiding Judge.

In this personal injury action, plaintiff-appellant, Gus A. Peppes, appeals from a judgment entered by the circuit court of St. Louis County upon a jury verdict in favor of the defendant-respondent, Robert E. Huddleston. Plaintiff sought damages against defendant-Huddleston for injuries sustained when they were moving a 100–150 pound safe down the basement steps of the Huddleston home. The injury occurred when the safe which was transported on a "dolly" or "hand truck" tipped forward and fell onto Mr. Peppes' left leg and ankle, causing injuries. Immediately before the moving of the safe, the two men moved a file cabinet. Mr. Peppes held the handle of the dolly, and Mr. Huddleston faced the file and hand truck. In descending the steps with the file cabinet, there was "no problem." Then the two attempted to move the safe. This time their positions were reversed. Mr. Huddleston controlled the handle of the dolly and Mr. Peppes was facing the safe and dolly as he started to descend the steps backwards. After proceeding down a a few steps, the safe tipped forward and to the right, pinning Mr. Peppes' leg and ankle, from which he suffered injuries.

On this appeal appellant (1) contends that the court erred in giving the contributory negligence instruction,[1] because there was not sufficient evidence to support the charge that plaintiff "failed to hold the safe on the hand truck so as to keep it from tipping forward," and (2) complains of certain alleged misconduct of defendant's counsel during the reading of parts of a

---

[1] Instruction No. 4 told the jury that its verdict must be for the defendant, whether or not the defendant was negligent, if you believe
  " 'First, plaintiff either: failed to secure the safe' with 'the hand truck before attempting to descend the stairway, or failed to hold the safe on the hand truck so as to keep it from tipping forward . . . .' "
  Appellant has failed to comply with Rule 84.04(e) to the effect that: ". . . If a point relates to the giving, refusal or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief. . . ."

deposition during his cross-examination of the plaintiff-Peppes.

■ After examining the transcript, the briefs and the authorities relied upon, we find from the evidence and all reasonable inferences to be drawn therefrom in support of the jury verdict that there was no error in giving the contributory negligence instruction. In determining whether evidence is sufficient to support the giving of a contributory negligence instruction, we consider the evidence in the light most favorable to the defendant, and we give him the benefit of all favorable inferences therefrom. We also disregard plaintiff's evidence unless it tends to support the grounds of contributory negligence submitted in the instruction. *Jackson v. Skelly Oil Company*, 413 S.W.2d 239, 242 (Mo. banc 1967); *Underwood v. Crosby*, 447 S.W.2d 566, 570 (Mo. banc 1969). We hold that the reasonable inferences drawn from the evidence favorable to the defendant support the submission in Instruction No. 4 that the plaintiff "failed to hold the safe on the hand truck so as to keep it from tipping forward." [2]

■ The appellant's second point does not indicate what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous. Rule 84.04(d). But we surmise from appellant's motion for new trial that he seeks a new trial because of the alleged misconduct of defense counsel. The alleged misconduct consisted of defense counsel, while attempting to cross-examine plaintiff by use of a deposition, stating, "You don't want them [the jury] to know what it is." This occurred after a confusing discussion as to which page and line defense counsel would read from the deposition of the plaintiff. Plaintiff's counsel made a record—he objected and requested the court to request defense counsel to refrain from making any "personal comments." The trial court sustained his objection and granted plaintiff's counsel all the relief requested. The trial court was in the best position to determine the effect of such conduct and took appropriate action. We find no abuse of discretion. *Citizens Discount and Investment Corp. v. Dixon*, 499 S.W.2d 231, 235 (Mo. App.1973).

The judgment is affirmed. Rule 84.16(b).

KELLY and GUNN, JJ., concur.

2. There are several references in the transcript from which the inference can be drawn that plaintiff "failed to hold the safe on the hand truck so as to keep it from tipping forward":

(1) During cross-examination of plaintiff, plaintiff testified that he "guessed" he was trying to hold it on to keep it from falling off.

(2) Plaintiff testified that it happened so fast that "it's hard telling what happened other than the safe tipped from the top."

(3) Defendant's favorable evidence indicated that the "dolly [controlled by Mr. Huddleston] never did go out of control." There is no dispute that defendant had control of the dolly.

(4) The person on the bottom [Peppes] is to "resist the weight [of the safe] as it comes towards [him]. . . . That's what determines the speed and that's what determines the procedure." "[T]he person in front of the object being moved on a dolly is the one that determines how fast it comes down the steps."

(5) If no one holds the object it will fall forward.

(6) The person at the bottom controls "the downward movement of the dolly."

(7) Huddleston never touched the safe—his hands were on the dolly.

(8) Plaintiff testified that he was holding the safe to keep it from falling off. It did fall off. The inference may well be that he did not, at some time, hold it.