**Floria MILLER, Appellant,**

v.

**CUMMINS MISSOURI, INC., Respondent.**

**No. 47121.**

Missouri Court of Appeals, Eastern District, Division Three.

March 6, 1984.

Donald L. Schlapprizzi, St. Louis, for appellant.

Michael C. Margherio, St. Louis, for respondent.

CRANDALL, Judge.

·Plaintiff, Floria Miller, appeals from an adverse judgment, after a jury trial, in her action for personal injuries. Plaintiff was a passenger in a car that was allegedly struck by a truck owned by defendant, Cummins Missouri, Inc., and driven by one of its employees. The sole point on appeal is whether a converse instruction given for defendant was improper. We affirm.

The incident in question took place on October 29, 1979. Plaintiff was riding in a car which was stopped at an intersection in the center, left-turn lane of a five-lane street. Defendant's truck exited a driveway to the left of the car, about fifty feet from the intersection. The driver attempted to pass behind the rear of the car and then turn left to come parallel with the car. Plaintiff asserts that the truck hit the right rear portion of the car, pushing it forward and to the left about four to six feet causing her physical injuries. The driver of the truck testified that he felt no impact and was unaware that a collision had occurred. Defendant contested that a collision had occurred, as well as the driver's agency at the time of the alleged accident.

The case was submitted to the jury on the basis that the driver of the truck was negligent in failing to keep a careful lookout. Plaintiff's verdict-directing instruction was modified to· include the other contested issues. A converse instruction was given at the request of defendant. This

**38** ▪ ■

instruction read: "Your verdict must be for defendant unless you believe that [the truck] driver['s] conduct was negligent." MAI 33.04(1).

Plaintiff contends that the inclusion of the word "conduct" was improper, because it deviated from the dictates of MAI and that the deviation was prejudicial. Plaintiff contends that a proper converse would have been MAI 33.03(2), which is suggested for use with single acts of negligence. The instruction actually given is suggested for use when multiple acts of negligence are submitted to the jury. The only difference between the instruction given and that suggested by plaintiff as proper is the inclusion of the word "conduct" in the former.

The difference between the two instructions involved here has been considered twice by courts in this state. Both cases found no error in using 33.03(2) where 33.-04(1) was asserted to have been proper. *Price v. Bangert Brothers Road Builders, Inc.,* 490 S.W.2d 53 (Mo.1973); *Ernst v. Emerick,* 525 S.W.2d 573 (Mo.App.1975). There is "no practical difference between a finding that 'defendant's conduct was negligent' ... and a finding that 'defendant was negligent' .... *Either instruction could use the language of the other and be correct." Price v. Bangert Brothers Road Builders, Inc.,* 490 S.W.2d at 57 (emphasis added). Similarly, we find no practical difference between a finding that the "driver was negligent" and a finding that his "conduct was negligent." Plaintiff's contention is therefore denied.

The judgment is affirmed.

KAROHL, P.J., and REINHARD, J., concur.