**E. Sterling MARTIN and Hattie D. Martin, Plaintiffs–Respondents,**

v.

**John OLIVER and Ralph W. Howd, Defendants–Appellants.**

No. 41266.

Missouri Court of Appeals, Eastern District, Division Four.

July 29, 1980.

---

Jerome W. Seigfried, Louis J. Leonatti, Walter D. McQuie, Jr., Montgomery City, for defendants–appellants.

Gary A. Tatlow, Moberly, for plaintiffs–respondents.

SMITH, Judge:

Defendants appeal from a judgment entered as a result of a jury verdict in a personal injury case. Plaintiff Sterling Martin was awarded $20,000 for personal injuries and $1,260 for property damage (after a remittitur of $2990 on the property damage) and plaintiff Hattie Martin was awarded $5000 for loss of consortium.

The accident was a "rear–ender" in which Sterling Martin's vehicle was struck in the rear by the truck owned by defendant Oliver and operated by his servant, Howd. Plaintiff's evidence was that he stopped for a flagman at a highway construction site and was struck 15 to 30 seconds later by the truck. The defendants' evidence was that Martin stopped suddenly, unnecessarily and without warning.

Defendants' first three points relate to instructions. The first is that the court erred by utilizing a modified MAI 17.16[1] as plaintiffs' verdict director. As modified the word "collision" contained in the third paragraph of 17.16 was changed to "negligence." Plaintiffs concede that the change was improper and erroneous. There is no indication the modification was other than inadvertent. The language utilized was in the original pre–1973 MAI but was changed to the present language in that year. Both the Western and Southern Districts have been confronted with precisely the same issue now before us. *Coffer v. Paris*, 550 S.W.2d 915 (Mo.App.1977); *Wagoner v. Hurt*, 554 S.W.2d 587 (Mo.App.1977). In each of those cases the court held that while modification was erroneous it was not prejudicial because it imposed a greater burden on the plaintiff than did the proper instruction. We find the reasoning in those cases logical and persuasive and find no prejudicial error.

Defendants' next point is that the trial court erred in modifying the damage instruction given on behalf of Hattie Martin on her consortium claim. The instruction utilized was MAI 4.01 which was modified to read "as a direct result of the injuries to E. Sterling Martin" instead of "as a direct result of the occurrence . . ."

1. "MAI 17.16 Verdict Directing–Rear End Collision [1973 Revision]

Your verdict must be for plaintiff if you believe:
First, defendant's automobile came into collision with the rear of plaintiff's automobile, and

Second, defendant was thereby negligent, and
Third, as a direct result of such collision, plaintiff sustained damage."

The Notes on Use to 4.01 do not refer to this kind of modification. However, MAI 35.05–Illustration specifically contains the modification here made and the Committee's Comment No. 1 calls attention to the modification. MAI 35.05, Instruction No. 9, p. 407. Although that Illustration was ordered withdrawn in September 1979 (long after this trial), the Illustration was in effect when this case was tried and we cannot find error in following the Illustration then in effect.

■ Defendants' remaining contention on instructions is that MAI 17.16 improperly submits the "rear end doctrine" because it fails to require a finding that "respondent's movement and/or position prior to the collision was such as to give rise to appellants' liability for striking respondents' vehicle in the rear." This issue was squarely addressed and resolved by the Supreme Court in *Mueller v. Storbakken*, 583 S.W.2d 179 (Mo. banc 1979). The court held that these questions are to be considered by the trial court in determining whether the "rear end doctrine" should be submitted to the jury as a matter of law, but that they are not properly included in the instructions to the jury. The court then upheld the validity of 17.16 as the proper verdict directing instruction in a rear–end collision case. We find no error.

Defendants' remaining contention is that the trial court erred in allowing the "insurance question" because the insurance company was proceeding under a reservation of rights pending judicial determination of its liability under the policy. The matter, while raised prior to the voir dire examination of the jury, was not raised in the motion for new trial and has not been preserved for review. We do not find "plain error."

Judgment affirmed.

SATZ, J., and ALDEN P. STOCKARD, Special Judge, concur.