Jerry GEORGE, Plaintiff-Appellant,

v.

GROSS AND JANES COMPANY, Defendant-Respondent.

No. 42744.

Missouri Court of Appeals, Eastern District, Division Two.

May 25, 1982.

---

1. This court does not address the issue of whether the court must hold a hearing before appointing a guardian ad litem.

Joseph B. Dickerson, Jr., St. Louis, for plaintiff-appellant.

Charles Merz, St. Louis, for defendant-respondent.

GUNN, Judge.

Plaintiff appeals from a jury verdict in defendant's favor in this personal injury action. The points of alleged error relate to the contributory negligence issue and verdict directing instruction. We affirm.

Plaintiff, an independent trucker, contracted with defendant to haul railroad ties from Glenallen to Whitewater, Missouri. Pursuant to established procedure, plaintiff drove his flatbed truck, piled high with ties, to the site where Jerry Carter, who was employed by defendant as a forklift driver, would unload them. Plaintiff unfastened the chains that secured the ties on the side of the truck facing Carter, threw them over the load and walked around the truck to unfasten the chains on the other side. Plaintiff realized he was not visible to Carter on this side of the truck. While stooping to pick the chains up off the ground, plaintiff heard Carter maneuver the forklift near the rear of the other side of the truck. Plaintiff heard a bang, followed immediately by some ties falling off the truck, striking and injuring his left leg and right foot.

According to Carter, plaintiff was injured shortly after Carter had turned the forklift away from plaintiff's truck, preparing to dump a load of ties. In such circumstance the tumbling of the ties could not have been caused by impact from the forklift.

The trial court submitted the following instruction on contributory negligence, Instruction No. 6:

Your verdict must be for defendant if you believe:

First, plaintiff knew facts from which it was reasonably apparent that he was in immediate danger of railroad ties falling from the flat bed truck onto him during the unloading process, and

Second, plaintiff had time to move to a position of safety or to warn the forklift

driver of his position and failed to do so, and

Third, plaintiff was thereby negligent, and

Fourth, such negligence directly caused or directly contributed to cause any damage plaintiff may have sustained.

■ In his first point, plaintiff contends that submission of the instruction was error, in that it is a modification of M.A.I. 32.03, which is exclusively applicable to a guest passenger situation.

The submitted instruction was not M.A.I. 32.03, however, which does apply only to the contributory negligence of a guest passenger. There is no M.A.I. directly applicable to the circumstances of this case. The instruction may be regarded either as a modification of M.A.I. 32.03 or as an instruction not in M.A.I. As such, it fairly submitted the issues and adhered to the requirements of being simple, brief, impartial and free from argument. *McNamee v. Garner,* 624 S.W.2d 867, 868 (Mo.App.1981); *O'Dell v. Whitworth,* 618 S.W.2d 681, 685 (Mo.App. 1981); Rule 70.02(e).

The facts of this case are comparable to those in *Kraus v. Auxvasse Stone & Gravel Co.,* 444 S.W.2d 434 (Mo.1969), in which plaintiff Kraus was struck by a beam being raised at a construction site. The instruction in this case is similar to the contributory negligence instruction submitted in *Kraus,* which received approval on appeal. *Id.* at 438–39. Instruction 6 placed a heavier burden on defendant Gross & Janes, however, as it was required to show that "plaintiff knew facts from which it was reasonably apparent that he was in immediate danger" of railroad ties falling on him; contributory negligence could be found in *Kraus* if "plaintiff, in the exercise of ordinary care, could have known" of the danger of the beam falling. *Id.* at 438. *See also O'Riley v. Coffelt,* 588 S.W.2d 203, 204–05 (Mo.App.1979). The heightened burden on defendant precludes plaintiff from complaining of error. *Einhaus v. O. Ames Co.,*

617 S.W.2d 519, 523 (Mo.App.1981); *Martin v. Oliver,* 603 S.W.2d 674, 675 (Mo.App. 1980).

Plaintiff further alleges error in the submission of Instruction No. 6 on the grounds that there was no evidence to support the submissions that "plaintiff knew facts from which it was reasonably apparent that he was in immediate danger of railroad ties falling from a flatbed truck onto him during the unloading process" and that "plaintiff had time to move to a position of safety or to warn the forklift driver of his position and failed to do so." He contends that the instruction gave the jury a roving commission to speculate as to his negligence.

In determining the sufficiency of the evidence to support the submission of a contributory negligence instruction, we consider the evidence in the light most favorable to defendant, giving it the benefit of all favorable inferences therefrom, and disregard plaintiff's evidence unless it tends to support the giving of the instruction. *Welch v. Hyatt,* 578 S.W.2d 905, 912 (Mo. banc 1979); *Stearns v. Be-Mac Transport Co.,* 621 S.W.2d 539, 542 (Mo.App.1981); *Duebelbeis v. Dohack,* 615 S.W.2d 488, 489 (Mo.App.1981).

■ Of course, in this case we have been supplied only with plaintiff's evidence.[1] We find, nevertheless, that it supports submission of the contributory negligence instruction. Plaintiff was experienced in hauling railroad ties and knew that they could fall off the truck when unsecured. Immediately prior to the accident, he knew he could not be seen by Carter who was maneuvering the forklift near his truck. It can be inferred, therefore, that he "knew facts from which it was reasonably apparent that he was in immediate danger of railroad ties falling from a flatbed truck onto him during the unloading process." Evidence that he heard the forklift near his truck prior to the accident also supports the submission that "plaintiff had time to move

1. Carter's deposition by which defendant submitted its case, has not been supplied on appeal.

to a position of safety or to warn the forklift driver of his position and failed to do so." Instruction No. 6 confined the jury's attention to the issues of whether plaintiff conducted himself in the described manner and whether such conduct constituted negligence. It gave the jury no roving commission to speculate as to other possible bases for negligence.

Finally, plaintiff maintains that in hypothesizing that he was in danger "of railroad ties falling from the flatbed truck onto him during the unloading process" and that he "had time to move to a position of safety," Instruction No. 6 improperly submitted evidentiary facts, rather than the ultimate issue of negligence.

A proper instruction submits to the jury only ultimate issues, not evidentiary details. This is done to avoid undue emphasis of certain evidence, confusion and the danger of favoring one party over another. *Van Dyke v. Major Tractor & Equipment Co.*, 557 S.W.2d 11, 14 (Mo.App. 1977). It is also error to assume disputed facts in an instruction. *Welch v. Hyatt*, 578 S.W.2d at 913–14.

Instruction No. 6 adequately presented the ultimate factual issues of whether plaintiff had knowledge of the impending danger and had time either to move to safety or to warn Carter of his position but failed to do so. It is not cluttered with unnecessary, confusing detail and poses no threat of favoritism. Plaintiff asserts that in describing the danger as that of ties "falling" from the truck, it assumes the controverted fact of whether the ties were knocked off or merely fell on their own accord. We disagree, as it is not disputed that the ties fell onto plaintiff. The language does not preclude a jury finding that the ties fell because defendant dislodged them. The instruction satisfies the ultimate test of adhering to substantive law and being comprehensible to a jury of ordinary people. *O'Dell v. Whitworth*, 618 S.W.2d at 685; *Huff v. Union Electric Co.*, 598 S.W.2d 503, 516 (Mo.App.1980).

The final contention is that the trial court erred in refusing to submit Instruction A, offered by plaintiff as the verdict-directing instruction. After refusal of Instruction A, plaintiff offered Instruction No. 4, which the trial court submitted to the jury.

Inasmuch as plaintiff offered Instruction No. 4, he may not now complain of error in its submission, even though it was offered as an alternative. *McDowell v. Schuette*, 610 S.W.2d 29, 36 (Mo.App.1980).

But regardless, Instruction No. 4 was not erroneous. It directed a verdict for plaintiff if the jury found no contributory negligence and believed:

First, defendant knew, or in the exercise of ordinary care, should have known of the presence of plaintiff in a position of danger near plaintiff's trailer, and

Second, defendant's forklift struck plaintiff's trailer,

Third, defendant was thereby negligent, and

Fourth, as a direct result of such negligence, plaintiff sustained damage.

Refused Instruction A was identical with the exception of the first paragraph, which submitted that "defendant knew, or in the exercise of ordinary care, should have known of the presence of plaintiff."

We find that Instruction No. 4 correctly states the law, and its submission was proper.[2]

Judgment affirmed.

DOWD, P. J., and CRANDALL, J., concur.

---

2. As Instruction No. 4 is an accurate statement of the law, plaintiff's contention that it should be given only when the humanitarian doctrine applies is destitute of merit.