**Lorena KENNEDY, Plaintiff-Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, Defendant-Respondent.**

**No. 47178.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 27, 1984.

Samuel A. Goldblatt, St. Louis, Ray E. White, Jr., Clayton, for plaintiff-appellant.

Robert F. Ritter, P.C., Paul J. Passanante, St. Louis, for defendant-respondent.

SNYDER, Judge.

This is a personal injury action in which plaintiff Lorena Kennedy sought damages from defendant Bi-State Development Agency for injuries allegedly caused by a fall on the steps of a bus. A jury returned a verdict in favor of defendant. Judgment was rendered accordingly and plaintiff appeals. The judgment is reversed and the cause remanded for new trial because of juror misconduct.

Appellant brought this action for damages after she allegedly suffered injuries to her knee and other parts of her body when she fell while exiting a bus owned and operated by respondent. Kennedy claimed her fall was caused by a tread that was "worn and torn," and located on the steps at the front door of the bus. The case was submitted to the jury on a theory of negligence: that Bi-State was negligent in operating a bus with a "worn and torn tread" on the step. In a converse instruction submitted to the jury by Bi-State, the only element of negligence conversed was that of the "torn tread." The jury returned a 9–3 verdict in favor of Bi-State.

After the verdict was read, Kennedy's counsel informed the court that he had heard during the lunch hour that day that one of the jurors, David L. Rhodes, had been having lunch with one of Bi-State's witnesses, Hollman Anderson. Anderson was the driver of the bus on which appellant was allegedly injured. Rhodes had cast his vote in favor of Bi-State. The trial court told counsel to raise the matter in a motion for new trial.

At a hearing on that motion, Rhodes admitted that he had had lunch with Anderson during the first two days of trial. Kennedy asserts that Rhodes also walked out of the courthouse with Anderson during jury deliberations, but the testimony is not clear on this point. Rhodes said he was aware that Anderson had driven the bus involved in this case. He had also noticed that Anderson was seated behind defense counsel throughout the trial.

On appeal, two points of error are raised. First, appellant claims that the social relationship that developed between juror Rhodes and defense witness Anderson was prejudicial to her case. Second, appellant contends that the converse instruction submitted by respondent was erroneous in that it failed to converse all of the elements of plaintiff's verdict-directing instruction. The first point has merit. Therefore, this case must be reversed and remanded for a new trial.

■ In a trial, it is not only influences that actually work evil that should be guarded against, but also acts that have the appearance of evil. *Benjamin v. Metropolitan State Ry. Co.*, 245 Mo. 598, 151 S.W. 91, 97 (Mo.1912).

In order to warrant a new trial, it is not necessary that the situation such as the one at issue here be deliberately contrived for the purpose of creating sympathy for one party or prejudice toward the other; nor is it necessary that it be conclusively shown that members of the jury were actually influenced. "The arousing of sympathy or prejudice is often so subtle that the person affected is the last to become aware of it or admit its existence. Otherwise, the reaction of the average person would be resentment.

It is for the court, and not the jurors to say whether they are likely to have been influenced by such an occurrence.... Trial by juries ought to be conducted with dignity and in such manner to bring about a verdict based solely upon the law and the facts, and there should not be injected into the case any extrinsic matter that tends to create bias or prejudice." *Fitzpatrick v. St. Louis-San Francisco Railway Co.*, 327 S.W.2d 801, 807 (Mo.1959).

■ Each party to a case is entitled to a fair and impartial jury. *Sunset Acres Motel, Inc. v. Jacobs*, 336 S.W.2d 473, 479 (Mo.1960). For that reason, the trial court is required to read MAI 2.01 to jurors in civil cases. That instruction provides, in part:

> Justice requires that you not make up your mind about the case until all of the evidence has been seen and heard. You must not comment on or discuss what you may hear or learn in the trial until the case is concluded and you retire to the jury room for your deliberations. During the trial, you should not remain in the presence of *anyone* who is discussing the case when the court is not in session. Otherwise, some outside influence or comment might influence a juror to make up his or her mind prematurely and be the cause of a possible injustice. *For this reason, the lawyers and their clients are not permitted to talk with you until the trial is completed.*

(Emphasis supplied).

■ Because jurors are to determine the credibility of witnesses, any interaction between a juror and witness could create a potential for prejudice on the part of the juror. Certainly a juror who has had more than casual contact with a witness will be predisposed, either consciously or subconsciously, to more favorably evaluate the credibility of the witness and his testimony. Such a result would deprive a party of his guaranteed right to a fair and impartial jury. See *Sunset Acres Motel, Inc. v. Jacobs, supra.*

Although Anderson was not a party, he was the agent of defendant Bi-State Development Company and a key witness. He sat at counsel table with defendant Bi-State Development Company's counsel throughout the trial. He testified that he noticed no defect in the tread covering the steps of the bus, as claimed by appellant.

Anderson's contact with juror Rhodes was more than casual and more than accidental. On two separate occasions, they decided to have lunch together. The only thing said about the trial was a remark by Anderson when they saw Mrs. Kennedy on the way back from lunch. Anderson said, "That's the lady that fell off the bus that I was driving." Although there was no further discussion of trial matters, the possibility of influence nonetheless existed.

It is of no consequence that Anderson did not intend to influence Rhodes improperly or that Rhodes thinks he was not prejudiced by those meetings. The fact is, a social relationship did develop and the likelihood of prejudice is too strong to ignore. Rhodes did vote in favor of Anderson's employer.

■ Rhodes obviously determined that the testimony of Anderson was credible. The very possibility that that conclusion was based, in part, on the friendship that had developed between Anderson and Rhodes deprived appellant of a fair and impartial jury. This court finds there was an abuse of discretion by the trial court when it failed to find juror misconduct. The presence of juror misconduct shifts the

burden of proof to Bi-State to show there was no prejudice. Bi-State did not prove the absence of prejudice. The cause must be remanded.

Kennedy also claims error in the wording of respondent's converse instruction. This court finds no error. Appellant's verdict-directing instruction required the jury to find that there was a "worn and torn tread" on the step of the bus. Respondent's converse instruction required a finding of a "torn tread."

 The general rule is that a defendant has the option to converse one or more of the elements of a verdict director when the elements are submitted in the conjunctive. MAI 33.01, Converse Instructions—General Comment. See also *Anderson v. Cahill*, 528 S.W.2d 742, 747 (Mo. banc 1975) and *Einhaus v. O. Ames Co.*, 617 S.W.2d 519, 523 (Mo.App.1981). No error occurred.

Because of juror misconduct in this case, the judgment is reversed and the cause remanded for a new trial.

KELLY, P.J., and STEWART, J., concur.