Sharon Kay **BROWN** and Darren Eugene Brown, by the duly appointed Guardian and Conservator, Sharon Kay Brown, Plaintiffs-Appellants,

v.

**SCOTT–NEW MADRID–MISSISSIPPI ELECTRIC COOPERATIVE,** Defendant-Respondent.

No. 14877.

Missouri Court of Appeals, Southern District, Division Two.

April 20, 1987.

Phillip J. Barkett, Jr., Demster, Barkett & Pruett, Sikeston, for plaintiffs-appellants.

John R. Hopkins, Jr., Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for defendant-respondent.

MAUS, Judge.

In this action for wrongful death by electrocution a jury returned a verdict for the defendant. The plaintiffs' point on appeal is that the trial court erred in giving a converse instruction submitted by the defendant. Only a brief outline of the facts is necessary for consideration of that point.

In the fall of 1984, a farm machinery sales company was moving its business location approximately one mile. A submersible pump was to be moved from the old location to the new. To move the pump, it was required that a crane raise approximately 36 feet of pipe from the old well. The submersible pump was attached to the bottom of that pipe. After the pipe was raised, it was to be moved over a fence to a position where the pump could be inspected.

After the pipe was raised, the crane backed from the fence. The plaintiffs' decedent was holding the pipe to keep it from swinging. As the crane backed, it came into contact with a 7,200 volt electric distribution line maintained by the defendant. As a result, the plaintiffs' decedent was electrocuted.

There was evidence the distribution line was strung between two poles, approximately 300 feet apart. The charged wire was 30.6 feet above the ground at the point of contact. There was no warning on either pole that the wires of the distribution line were uninsulated or dangerous. The plaintiffs' verdict-directing instruction premised their recovery upon the defendant maintaining a condition which represented an unreasonable risk to persons using the premises and the defendant's failure to warn of that condition.

Specifically, the verdict-directing instruction included the following submission: "Second, defendant Scott-New Madrid-Mississippi Electric Cooperative maintained a bare electric wire on a pole on the premises of Jeff DeWitt Auction Co., Inc. and that this was a condition which represented an unreasonable risk to persons using the premises of Jeff DeWitt Auction Co., Inc., . . . ."

At the defendant's request, the court gave the following converse instruction: "In your verdict you must not assess a percentage of fault to defendant unless you believe defendant maintained a condition which represented an unreasonable risk to persons using the premises of Jeff DeWitt Auction Co., Inc."

The plaintiffs' point is that the trial court erred in giving the converse instruction "for the reason that although it purports to be a converse of paragraph 'Second' of appellants' verdict-directing instruction No. 5, it fails to converse said paragraph 'Second' in substantially the same language as paragraph 'Second' of Instruction No. 5." The essence of the plaintiffs' argument is that the converse instruction was erroneous because it omitted the language "a bare electric wire on a pole on the premises of Jeff DeWitt Auction Co., Inc., and that this was . . . ." They contend this violates the direction that a true converse instruction must be in substantially the same language as the verdict-directing instruction. They cite MAI 33.01 (3d ed.) General Comment. They further argue that the instruction erroneously gave the jury a "roving commission" to find in favor of the defendant.

The plaintiffs' point is not supported by MAI 33.01 (3d ed.). The instruction the plaintiffs attack is a "true converse" instruction as denominated and discussed in the General Comment to MAI 33.01 (3d

ed.). That General Comment includes the following direction. "The defendant has the option to converse one or more elements of the verdict director. The only limitation on defendant's right to converse as much or as little of the verdict director as desired is with respect to disjunctive submissions." MAI 33.01 (3d ed.). An application of this is found in MAI 33.15(1) (3d ed.) which approves the following converse: "Your verdict must be for defendant unless you believe defendant failed to use ordinary care."

The plaintiffs' arguments have also been succinctly answered in *Lietz v. Snyder Manufacturing Company*, 475 S.W.2d 105 (Mo.1972). In that case the verdict-directing instruction in part premised recovery upon a finding a gym bar "was defective and therefore dangerous when put to use reasonably anticipated, ...." Id. at 109. The court observed, "In conversing a verdict-directing instruction a party is not required to converse the entire instruction or any particular part of it. A defendant may submit the converse of *any one* of the elements essential to plaintiff's recovery." Id. at 109 (emphasis in original). The court held that one essential element of recovery was that the gym bar was defective and that the defendant's converse instruction properly conversed that element. It further held that the defendant's converse did not erroneously give the jury a roving commission to find for the defendant. Rather,

> in submitting the word 'defective' alone and by itself in No. 5 Central Hardware assumed a greater burden than that required because it allowed a finding for plaintiff if the gym bar was defective generally or in any respect and used in a manner reasonably anticipated without also requiring a finding of its dangerous character when put to such use.

Id. at 110.

The principles announced in *Lietz* find frequent application in approving converse instructions directed to the element of negligence. *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291 (Mo. banc 1978); *Cole v. Plummer*, 661 S.W.2d 828

(Mo.App.1983); *O'Riley v. Coffelt*, 588 S.W.2d 203 (Mo.App.1979).

In this case an element necessary to the plaintiffs' recovery was that the defendant maintained "a condition which represented an unreasonable risk to persons using the premises of Jeff DeWitt Auction Co., Inc." Under MAI 33.01 (3d ed.) and the cases cited, the defendant had the option to converse this element. The defendant's converse instruction was not erroneous. Cf. *Kennedy v. Bi-State Development Agency*, 668 S.W.2d 260 (Mo.App.1984); *Executive Jet Management & Pilot Service, Inc. v. Scott*, 629 S.W.2d 598 (Mo.App.1981); *Tennis v. General Motors Corp.*, 625 S.W.2d 218 (Mo.App.1981). The judgment is affirmed.

PREWITT, P.J, and HOGAN and FLANIGAN, JJ., concur.